FILED

NOV 2 4 2009

CLERK



UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 08-40174 |
| Plaintiff, | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| -vs- | \* | |
| SKYE L. NELSON, | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is the issue whether Defendant is competent to stand trial. For the following reasons, the Court finds him competent and the case will be set for trial.

## BACKGROUND

Defendant Skye L. Nelson was indicted on two counts of sexual abuse, two counts of sexual contact, and one count of conspiracy to distribute narcotics. Attorney William Delaney was appointed to represent Defendant. On June 9, 2009, Mr. Delaney filed a Motion for Evaluation indicating he believed Defendant suffers from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him and to properly assist in his defense. This belief was based on a report of an evaluation conducted by Dr. Thomas L. Price. Mr. Delaney requested a hearing to determine Defendant's mental competency.

On June 11, 2009, the Government, represented by Thomas Wright, filed a Motion for Psychological/Psychiatric Examination and Continuance of Trial. The Government's motion was granted and Defendant was evaluated by Dr. AnnElizabeth Card, a forensic psychologist, at the Federal Detention Center ("FDC") in SeaTac, Washington. In light of Dr. Card's finding that Defendant is competent to stand trial, a new trial date was scheduled. Defendant's new court-appointed lawyer, Patrick Schroeder, requested a hearing pursuant to 18 U.S.C. § 4241 to determine

Defendant's competency to stand trial. The request for a hearing was granted, and the Court held a competency hearing on Thursday, November 12, 2009. Defendant was present, represented by Patrick Schroeder. Thomas Wright appeared on behalf of the Government.

The Government called Dr. Card to testify at the competency hearing. She conducted her evaluation of Defendant over a 30-day period while he was incarcerated at FDC SeaTac. Dr. Card held seven individual sessions with Defendant which lasted approximately two hours apiece and included testing to determine his mental competence. In addition, Dr. Card monitored some of Defendant's telephone calls, observed him by closed circuit television in the FDC SeaTac facility, and interviewed a number of other staff people who interacted with Defendant. She testified that Defendant appeared to be highly motivated to display poor functioning when he knew Dr. Card was observing him. That behavior contradicted his interactions with others when he would laugh and talk with ease, and even engage in competitive games of dominoes with fellow inmates. As thoroughly explained by Dr. Card at the competency hearing, the results of testing she conducted revealed a concerted effort by Defendant to demonstrate he was not competent. Dr. Card testified that Defendant was demonstrating unreal mental difficulty in order to achieve secondary gain, that is, to be deemed incompetent. Defendant shared with Dr. Card his belief that if deemed incompetent he would be released and sent home. Dr. Card diagnosed Defendant with malingering. She also diagnosed Defendant with antisocial personality traits, and admitted that he has a number of other problems, such as anxiety, but she testified that these problems do not render a person incompetent.

Dr. Price, a forensic psychologist, testified for Defendant. He was able to spend only 10 hours with Defendant, so Dr. Card had much more time to evaluate Defendant's competency. Dr. Price admitted that the more time a psychologist has to observe a patient, the "better," and that it is possible his conclusions might be different if a he had spent more time interacting with and observing Defendant. The testing conducted by Dr. Price focused on Defendant's cognitive functioning. After reading Dr. Card's report and hearing her testimony, Dr. Price questioned his opinion that Defendant suffered from mild mental retardation, and he opined that borderline intellectual functioning might be a more accurate conclusion. He believes Defendant has a fair grasp

2

of the nature and consequences of the proceedings against him, but he questions Defendant's ability to properly assist in his defense because he has significant difficulties with reasoning and might have trouble expressing his concerns, handling disagreements, and communicating with his lawyer.

Defendant had the right to testify at the competency hearing, but he chose not to do so. After listening to the testimony from the forensic psychologists and hearing argument from the lawyers for the parties, the Court took the issue of Defendant's competency to stand trial under advisement.

## DISCUSSION

Due process prohibits the United States from trying and convicting mentally incompetent defendants. *See United States v. Martinez*, 446 F.3d 878, 881 (8th Cir. 2006). The Supreme Court has set the standard for determining whether the defendant is competent: "The test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *United States v. Dworshak*, 514 F.2d 716, 718 (8th Cir. 1975). Under 18 U.S.C. § 4241(d), the Court must commit a defendant to the custody of the Attorney General for hospitalization if he is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

Recognizing a circuit split as to which party has the burden of proof at a competency hearing, the Eighth Circuit recently suggested that a defendant has the burden of proof, by a preponderance of the evidence, to show he is incompetent. *See United States v. Whittington*, - - - F.3d - - -, 2009 WL 3763708 * 5 (8th Cir. Nov. 12, 2009). The Eighth Circuit concluded, however, that the district court's finding of competency in the *Whittington* case did not depend on the allocation of the burden of proof, and that even if the government had the burden of proof, it had met its burden. *See id.* In light of the circuit split and the somewhat ambiguous language in *Whittington* regarding allocation

of the burden of proof, the Court holds that the Government carries the burden to prove Defendant's competence in this case.

In making a determination of competency, the Court may rely on a number of factors, including medical opinions and the Court's observation of the defendant's demeanor. *See Whittington* at * 5. "Presence of a mental illness does not equate with incompetency to stand trial." *Id.* (quoting *Feguer v. United States*, 302 F.2d 214, 236 (8th Cir. 1962)).

Dr. Price did not state unequivocally that Defendant is incompetent to stand trial, and he agrees that Defendant is able to grasp the nature and consequences of the proceedings against him, but Dr. Price is concerned that Defendant's cognitive limitations will affect his ability to communicate with his lawyer. At first Dr. Price opined that Defendant is mentally retarded, but Dr. Card's report and testimony caused Dr. Price to question that opinion. Dr. Price admitted that a competency evaluation is better if the evaluator spends more time with the defendant, and he testified that his opinions might be different had he spent more time with Defendant in this case. Dr. Price's report is very thorough and comprehensive, but Dr. Card had much more time to test, interact with and observe Defendant, and she was able to interview others who interacted with him. The testing and interactions at FDC SeaTac indicate that Defendant can understand and participate in written and verbal communications, and that he has a tendency to feign a lack of understanding when he thinks he has something to gain from being incompetent. The Court credits Dr. Card's opinions and finds that, despite Defendant's borderline intellectual functioning, Defendant can assist counsel in his defense if he chooses to do so and exerts enough effort. Defendant does not suffer from a mental defect or illness that affects his ability to assist his lawyer or to understand the legal proceedings. After due consideration of all of the evidence[1], the Court concludes that the Government met its burden of proving that Defendant is competent to stand trial. Accordingly,

---

[1] The Court observed Defendant's demeanor during the competency hearing and noticed no unusual behavior, but Defendant has not been diagnosed with a mental illness which might cause irrational behavior so this factor does not weigh heavily in the Court's analysis.

4

IT IS ORDERED that an Amended Scheduling Order will be issued.

Dated this 24th day of November, 2009.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)          DEPUTY